## ABEL CARVAHLO
### vs.
## HIRAM J. KELLOGG, ET ALS.

Superior Court      Fairfield County      File #48327

Present: Hon. ALFRED C. BALDWIN, Judge.

Lazarus S. Heyman,      Attorney for the Plaintiff.

Thomas A. Keating,      Attorney for the Defendant.

### MEMORANDUM FILED NOVEMBER 20, 1935.

BALDWIN, J. Plaintiff has brought, in the usual form, an action of partition of a large tract of land, in which action he alleges that he is a tenant in common and in possession with four defendants named. These defendants, in the second defense of their answer, allege that a predecessor in the title of the plaintiff conveyed his interest in the title fraudulently to defeat creditors and that the grantee in such conveyance mortgaged such title and that foreclosure was had and that plaintiff acquired his title from the foreclosing mortgagee, and that the original fraudulent conveyance, the mortgage and foreclosure were had with the intent to prefer, hinder and defraud creditors, and that all this was with the knowledge of this plaintiff.

To this second defense plaintiff has demurred. For the purpose of the demurrer, facts well pleaded are admitted. It therefore follows that for the purpose of disposing of this attack upon the second defense it is admitted that plaintiff has a defective title.

"The general rule is that, in the absence of statute providing otherwise, . . . . the power of partition will not be exercised by a court of chancery, or other court on which equitable jurisdiction has been conferred, where

the title relied on is a legal one and such title is in dispute or doubtful, or, as is said by some courts, where there are suspicious circumstances connected with the title." 47 C. J. Sec. 89 page 302 and cases cited.

"In accordance with principles above stated in the absence of statute providing otherwise, . . . ., here a bill based on a legal title is brought in a court of equity for partition and the title is in dispute or is doubtful or attended with suspicious circumstances, the court is without power to decree partition until the title has been settled by an action at law. In these circumstances the court is without power to direct an issue out of chancery to try the title, but will either dismiss the bill without prejudice, or retain the bill and stay the suit for a reasonable time to give complainant an opportunity to establish his title at law, the latter being the customary practice; . . . ." 47 C. J. Sec. 90, pages 303, 304 and cases cited.

The demurrer is overruled upon all of its grounds.